## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
## NORTHERN DIVISION

**KELVIN MITCHELL,**

   **Plaintiff,**

**v.**

**TOWN OF HAYNEVILLE,**
**ALABAMA,**

   **Defendant.**

*RECEIVED*

2022 APR 22 P 2: 21

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT AL

Civil Action No.: 2:22-cv-198·

)
)
)
)
)
)
)

**JURY TRIAL DEMANDED**

## COMPLAINT

**COMES NOW** Plaintiff, Kelvin Mitchell, by and through his attorney of record, and for his Complaint against Defendant Town of Hayneville, Alabama hereby states as follows:

### NATURE OF THE CASE[1]

1. This is an action for damages, declaratory and injunctive relief to redress deprivation of rights secured by the Fair Labor Standards Act (FLSA), specifically Defendant's failure to compensate Plaintiff for overtime hours as required by the FLSA, 29 U.S.C. § 207.

### JURISDICTION AND VENUE

2. Jurisdiction over this action is conferred on this court by 28 U.S.C. § 1331, specifically 29 U.S.C. § 207.

---

[1] Plaintiff has previously filed a claim for failure to pay overtime wages against the same Defendant and the action is currently being litigated in this Court (Case No. 2:20-cv-252-MHT-SRW).

3.      Venue is proper pursuant to 28 U.S.C. § 1391(b) since Defendant is situated in the

        Middle District of Alabama and a substantial part of the events giving rise to the

        claims occurred in this district.

## PARTIES

4.      Plaintiff, Kelvin Mitchell (hereinafter "Chief Mitchell" or "Mitchell"), is over the

        age of 19 and a resident citizen of Lowndes County, Alabama.

5.      Defendant, Town of Hayneville, Alabama, is a municipal corporation and political

        subdivision organized and existing under the laws of the State of Alabama.

## STATEMENT OF FACTS

6.      In June 2001, the Town of Hayneville hired Plaintiff, Kelvin Mitchell, as Special

        Agent for the Second Judicial Circuit Drug Task Force.

7.      On October 11, 2004 the Town of Hayneville appointed Kelvin Mitchell as the

        Chief of Police for the Town of Hayneville.

8.      Kelvin Mitchell is currently serving as the Chief of Police for the Town of

        Hayneville.

9.      For the vast majority of his employment with the Town of Hayneville, Mitchell has

        worked 10 to 12-hour days on a weekly basis because the Town has a small police

        department.

10.     For the vast majority of his employment with the Town of Hayneville, Mitchell has

        been on call and required to answer calls that come in after hours.

11.     Mitchell has answered 911 and other after hours calls throughout his employment

        with the Town of Hayneville.

2

12.  Because of his regular work schedule of 10 to 12-hour days and his response to 911 and other after hours calls, Mitchell regularly works over 43 hours per week.

13.  The Town of Hayneville pays overtime compensation at a rate of one and one-half times the employee's hourly rate to all of its law enforcement officers who work over 43 hours per week, except Kelvin Mitchell.

14.  The Town of Hayneville has never compensated Mitchell for the overtime hours he has worked.

15.  The Town has classified Mitchell as an administrative, executive, or professional employee who is exempt from the overtime pay requirements of the Fair Labor Standards Act.

16.  As Chief of Police of a small municipal police department, Mitchell's primary duties include preventing and detecting crimes; conducting investigations or inspections for violations of law; pursuing, restraining and apprehending suspects; interviewing witnesses; interrogating and fingerprinting suspects; preparing investigative reports; and other similar work.

17.  As Chief of Police, Mitchell's primary duty is not management.

18.  As Chief of Police, Mitchell's primary duty is not the performance of office or non-manual work directly related to the management or general business operations of the Town of Hayneville.

19.  As Chief of Police, Mitchell's primary duty is not the performance of work requiring knowledge of an advanced type in a field of science or learning customarily acquired by a prolonged course of specialized intellectual instruction.

3

20.   On April 13, 2020, Mitchell filed a lawsuit in this Court (Case No. 2:20-cv-252-MHT-SRW) alleging violations of the overtime provisions of the Fair Labor Standards Act.

21.   The Town of Hayneville, Alabama has failed to pay Kelvin Mitchell overtime wages required by the FLSA throughout the pendency of the litigation in the lawsuit referenced in the previous paragraph to the present.

22.   The Town of Hayneville fails to keep and maintain adequate records of Mitchell's hours.

23.   The Town of Hayneville, Alabama knew or showed reckless disregard for whether the FLSA prohibited its conduct.

## COUNT I

### 29 U.S.C. § 207—Violation of the FLSA

24.   Plaintiff re-alleges and incorporates the above stated paragraphs as if asserted herein.

25.   From June 2001 to April 18, 2018 and from July 2, 2018 to the present Kelvin Mitchell was an employee of the Town of Hayneville, Alabama, which is an enterprise engaged in commerce or in the production of goods for commerce.

26.   Throughout Mitchell's employment, the Town of Hayneville, Alabama required and permitted him to work more than 40 hours per work week.

27.   Mitchell is a non-exempt employee under the FLSA.

28.   The Town of Hayneville, Alabama failed to pay Mitchell the overtime pay required by law.

29.   The Town of Hayneville, Alabama knew or showed reckless disregard for whether the FLSA prohibited its conduct.

30.   As a direct and proximate result of the Town of Hayneville, Alabama's unlawful conduct, Mitchell has suffered lost wages and compensation, in amounts to be proven at trial.

## PRAYER FOR RELIEF

**WHEREFORE, PREMISES CONSIDERED**, the Plaintiff prays the Court award him the following relief:

1. Enter a judgment declaring that Plaintiff is a non-exempt employee under the Fair Labor Standards Act and subject to the first responder regulation;

2. Enter a judgment for the Plaintiff as to Defendant's liability and responsibility for Plaintiff's damages accrued and that continue to accrue throughout the pendency of this litigation;

3. Lost wages, including lost fringe benefits, which resulted from Defendant's unlawful acts;

4. Compensatory damages and back pay;

5. Attorney's fees, interest, and costs; and

6. Award Plaintiff such other and further relief as is just and proper; Plaintiff further demands a struck jury to try the issues raised in this matter.


_ASHLEY N. SMITH (ASB-7096-A56S)_
Attorney for Plaintiff

5

**OF COUNSEL:**

**MILLER SMITH, LLC**
445 Dexter Avenue, Suite 4050
Montgomery, Alabama 36104
Telephone No. (334) 625-6959
Facsimile No. (334) 513-8686
Email: ashley@millersmithllc.com